UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

| | | |
|---|---|---|
| WORKOU ZENEBE, | } | Case No.  1:17-cv-20930 |
| PLAINTIFF | } | |
| | } | COMPLAINT FOR DAMAGES |
| v. | } | 15 U.S.C. § 1692, et seq. |
| | } | |
| PORTFOLIO RECOVERY ASSOCIATES, LLC, | } | |
| DEFENDANT | } | **JURY TRIAL REQUESTED** |
| _____/ | | |

## COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL

1.  Plaintiff WORKOU ZENEBE, through his attorney, brings this action to challenge the actions of Defendant PORTFOLIO RECOVERY ASSOCIATES, LLC, for unlawful conduct in connection with debt collection activity.

2.  The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq., ("FDCPA") was designed to protect citizens from such abuses perpetrated by debt collectors like the ones described in this complaint, and to protect citizens like Plaintiff.  "There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy."  *Id.* at § 1692(a)

3.  Plaintiff makes the allegations below on information and belief, with the exception of those allegations that pertain to Plaintiff's personal knowledge.

## JURISDICTION AND VENUE

4. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act (FDCPA), over which the U.S. District Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331, 15 U.S. Code § 1692k, and *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

5. Because Defendant conducts business in the State of Florida and in this District by repeatedly contacting Florida and District residents while attempting to collect upon consumer debts, personal jurisdiction is established.

6. Because all tortious conduct occurred while Plaintiff resided in the City of Miami Gardens, County of Miami-Dade, and witnesses are located within such location, venue properly lies with this court.

## **PARTIES AND DEFINITIONS**

7. Plaintiff is a natural person.

8. Defendant is a "debt collector," as such term is described by the FDCPA 15 U.S.C. § 1692a(6), because Defendant used instrumentalities of commerce within this state and District, the principal purpose of which is the collection of debts. Additionally or alternatively, Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

9. Plaintiff was allegedly obligated to pay a "debt," as such term is described by the FDCPA 15 U.S.C. § 1692a(5), because he was allegedly obligated to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes.

10. Plaintiff is a "debtor" and a "consumer" as those terms are described by the FDCPA 15 U.S.C. § 1692a(3) because he was allegedly obligated to pay a debt.

11. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of Florida and of this District, and therefore is and was a "person" as defined by 47 U.S.C. § 153(39).

12. Defendant is, and at all times mentioned herein was, a corporation and is a "person" as defined by 47 U.S.C. § 153(39).

## FACTUAL ALLEGATIONS

13. At some point in the past, Defendant initiated debt collection procedures against Plaintiff for an alleged JC Penney's consumer credit debt owed.

14. On December 2, 2016, Plaintiff sent Defendant a letter, via certified U.S. Mail, indicating, among other things, that Plaintiff disputed the validity of the alleged debt, demanded strict validation of the alleged debt, and other than receiving strict validation, that Plaintiff did not consent to receive any communications at any time in any capacity and that all times to contact Plaintiff are inconvenient.

15. On December 7, 2016, Defendant signed for the letter sent via certified mail referenced in paragraph 14, above.

16. On or after February 21, 2017, Defendant sent Plaintiff a letter, via U.S. Mail, dated February 21, 2017, attempting to collect upon the alleged debt described in paragraph 13, above.

## FIRST CLAIM FOR RELIEF

**Violation of the FDCPA, 15 U.S.C. § 1692, et seq.**

17. Plaintiff repeats, re-alleges, and incorporates by reference paragraphs 1-16, as if fully set forth herein.

18. By contacting Plaintiff for debt collection purposes via the U.S. Mail despite Defendant's actual knowledge that communication with Plaintiff via the U.S. Mail is inconvenient, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. § 1692c(a)(1).

19. By contacting Plaintiff for debt collection purposes despite having received written notice from Plaintiff that Plaintiff disputed the alleged debt, and without having obtained verification of the debt and having mailed Plaintiff a copy of said verification, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. § 1692g(b).

20. By contacting Plaintiff for debt collection purposes despite having received written notice from Plaintiff that Plaintiff wished Defendant cease further communication with Plaintiff, Defendant has engaged in illegal practices in violation of the FDCPA, 15 U.S.C. § 1692c(c).

21. The FDCPA provides for statutory damages of $1,000.00 for violation of the statute, 15 U.S.C. § 1692k(a)(2).

22. The FDCPA provides for reasonable attorney's fees and costs in any successful action, 15 U.S.C. § 1692k(a)(3).

23. 15 U.S.C. § 1692k(a)(2) entitles Plaintiff up to $1,000.00 in statutory damages for Defendant's violations of the FDCPA, 15 U.S.C. § 1692 et seq., and Plaintiff is so entitled.

24. 15 U.S.C. § 1692k(a)(3) entitles Plaintiff to reasonable attorney's fees and costs upon successful prosecution of this action, and Plaintiff is so entitled.

WHEREFORE, Plaintiff respectfully requests that this Court enters judgment against Defendant and provides Plaintiff with the following relief:

(a) Statutory damages in the amount of $1,000.00;

 (b) Reasonable attorney's fees and costs;

 (c) And any other relief as the court deems proper and may provide.

Plaintiff requests a jury for all claims so triable.

 Respectfully submitted this 11th day of March, 2017,

  By Plaintiff's attorney: /s/ Nicholas Michael Murado_____

   Nicholas Michael Murado

   Florida Bar # 102769

   Murado Law, P.A.

   2010 S.W. 99th Avenue

   Miramar, Florida, 33025

   Telephone: 754-816-2196

   E-mail: muradolaw@gmail.com